**In the Matter of SCHOEN ENTERPRISES, INC., d/b/a Oldt Waring, Debtor(s).**

**Bankruptcy No. 86–993.**

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

July 28, 1987.

David Steen, Tampa, Fla., for debtor.

Tambay Trustee, Inc., trustee.

Charles Medearis, St. Petersburg, Fla., successor trustee.

Norman Davidson, Boston, Mass., estate administrator.

Charles M. Tatelbaum, Baltimore, Md., for movant.

## AMENDED ORDER ON EMERGENCY MOTION TO REMOVE TRUSTEE

ALEXANDER L. PASKAY, Chief Judge.

THIS IS a Chapter 7 case originally commenced as a voluntary Chapter 11 case, which was later converted when it became apparent that Schoen Enterprises, Inc., d/b/a Oldt Waring, the Debtor in the above-captioned case (Debtor) was unable to achieve rehabilitation under Chapter 11. The matter under consideration is a renewed Motion to Remove Trustee, filed by ITT Commercial Finance Corporation (ITT), creditor, who now is only partially secured and holds a very substantial unsecured claim. The Motion came on for hearing with notice to Tambay Trustee, Inc. (Trustee), albeit on short notice in light of the claimed urgency of the matters presented by the Motion, which together with the attached exhibits and the history of this case, of which this Court takes judicial notice, reveals the following:

The Chapter 11 Petition which commenced this case was filed on March 19, 1986. On July 21, 1986, this Court entered an order which converted the Chapter 11 case to a Chapter 7 case. On the same date the Trustee, a member of the regularly established panel, was appointed Interim Trustee pursuant to § 701 of the Bankruptcy Code. In due course the Meeting of Creditors was scheduled pursuant to § 341 of the Bankruptcy Code and Bankruptcy Rule 2003. The order scheduling the § 341 Meeting directed the president of the Debtor to appear and to submit to an examination as required by § 343 of the Bankruptcy Code. It appears that while the Debtor's president, Stephen Schoen, did attend the meeting, he refused to submit to examination on advice of counsel claiming his constitutional protection against self incrimination guaranteed by the Fifth Amendment of the United States Constitution. There was no attempt by the Interim Trustee to obtain a judicial determination whether or not Schoen properly invoked the privilege, nor was there any attempt by the Interim Trustee to pursue the possibility of Schoen seeking immunity pursuant to Part V of Title 18 of the United States Code.

Thus, even though this has been pending as a Chapter 7 case since July 21, 1986, the Trustee, which succeeded itself as the permanent Trustee, has never examined under oath a corporate officer of the Debtor. This total lack of interest by the Trustee is of large significance in this particular case due to the turbulent and highly suspicious activities of this Debtor not only prior to the commencement of the original Chapter 11 case but also while the Debtor operated its business as Debtor-in-Possession during the Chapter 11.

The business of the Debtor involved the operation of 16 retail stores engaged in selling at retail white and brown goods, i.e. major appliances as well as T.V.'s, VCR's and stereos, sound systems and related items. All inventory of the Debtor was financed through several floor plans, all of

which turned out to be ineffective because the Debtor was heavily out of trust, which ultimately rendered all financiers including ITT substantially undersecured. Moreover, it appears that no serious attempts were made by the Trustee to obtain the books and records of the Debtor and more importantly, no attempts were made to investigate and pursue several possible very substantial voidable preferences.

This total inactivity of the Trustee prompted ITT to file its initial motion in which ITT sought to have the Trustee removed for its failure to perform the duties imposed by § 704 of the Bankruptcy Code. On April 22, 1987, this Court entered an order and denied the motion without prejudice, but provided that the Trustee shall employ Charles Tatelbaum for the estate on a general retainer pursuant to a separate order of retainer, and further provided that the lawfirm of Nixon & Nixon heretofore retained by the Trustee shall withdraw from any further representation of the estate. In this connection it should be noted that Tambay Trustee, Inc., is a one-man corporation whose only principal is Mr. Nixon who, of course, is also the principal of the lawfirm of Nixon & Nixon. Notwithstanding the clear language of this order, Tambay Trustee has yet to file an application to employ Charles Tatelbaum on a general retainer as ordered by this Court on April 22, 1987, and of course, the lawfirm of Nixon & Nixon did not file a Notice of Resignation as attorney for the trustee until after the hearing on the Motion to Remove Trustee.

It further appears that on January 1, 1987, Mrs. Deborah Lee Schoen, the wife of the president of the Debtor, filed a voluntary Petition for Relief under Chapter 7 of the Bankruptcy Code. The record in that case reveals that Ms. Stephanie Cates-Harman, a regular member of the panel, was appointed as interim trustee initially, and subsequently was appointed as the permanent trustee for the estate of Mrs. Schoen. Ms. Stephanie Cates-Harman, a practicing attorney, while she may not be formally a member of the lawfirm of Nixon & Nixon maintains her office in the building also occupied by the lawfirm of Nixon & Nixon.

It is unclear whether she only shares space and rents space from Nixon & Nixon or that she is an associate in the lawfirm of Nixon & Nixon.

Be that as it may, Ms. Cates-Harman regularly employs Nixon & Nixon as her attorney in cases in which she serves as trustee. This is exactly what happened in this case. It is important to note that even though Mrs. Schoen claims to be a creditor of the Debtor, she was an insider and may have been the participant in some transactions with the Debtor which certainly would have warranted certain minimal investigation at least. In addition, the schedules filed by Mrs. Schoen also raised some questions, however, which might have had a relevant bearing on her right to a discharge. Nevertheless, nothing was done in her case either, and in due course she received her discharge and her case will be closed no doubt as a no-asset and at most a nominal asset case.

It appears that Mr. Tatelbaum wrote several letters to Mr. Nixon requesting that he prepare the application to employ Mr. Tatelbaum on a general retainer as ordered by the Court on April 22, 1987. Mr. Nixon failed to respond to this and other additional letters sent by Mr. Tatelbaum requesting information about several specific matters concerning the administration of the estate. On May 21, 1987, not having received a response to any of his previous communications, Mr. Tatelbaum wrote again to Mr. Nixon and requested Mr. Nixon to furnish the information previously requested.

Finally, on June 5, 1987, Mr. Nixon telephoned Mr. Tatelbaum and informed him inter alia of the following:

1. Responses were never sent to any of Mr. Tatelbaum's letters because they were addressed to the wrong party—they were addressed to Jary Nixon rather than Tambay Trustee, Inc. (It is important to note that Jary Nixon is the sole principal of Tambay Trustee, Inc.)

2. Tambay Trustee, Inc., was "too poor" to afford a secretary, and thus could not respond in writing to any letters sent to Jary Nixon or to Tambay Trustee, Inc.

3. The only way that Tambay Trustee, Inc., would respond to Mr. Tatelbaum would be at a meeting where others were present involving the administration of all estates administered by Tambay Trustee, Inc.

4. The application to employ Mr. Tatelbaum as submitted by Mr. Tatelbaum would not be executed and filed because Tambay Trustee, Inc., would only employ Mr. Tatelbaum on special retainer.

5. Stephen Schoen, the president of the Debtor, had given Jary Nixon "certain confidences" that Mr. Schoen would not share with Mr. Tatelbaum as attorney for the Trustee, and as such, Mr. Nixon had to be retained as attorney for the Trustee.

6. There was no requirement of Tambay Trustee, Inc., to show Mr. Tatelbaum any of its files or correspondence. [sic]

In seeking removal of Tambay Trustee, Inc., Mr. Tatelbaum relies on 11 U.S.C. § 704. This Section provides in pertinent part as follows:

11 U.S.C. § 704 Duties of Trustee
The Trustee shall—

(1) Collect and reduce to money the property of the estate for which such trustee serves, and close such estate as expeditiously as is compatible with the best interests of parties in interest

(2) be accountable for all property received;

(3) ensure that the debtor shall perform his intention as specified in section 521(2)(B) of this title;

(4) investigate the financial affairs of the debtor;

(5) if a purpose would be served, examine proofs of claims and object to the allowance of any claim that is improper;

(6) if advisable, oppose the discharge of the debtor;

(7) unless the court orders otherwise, furnish such information concerning the estate and the estate's administration as is requested by a party in interest.

This section of the Bankruptcy Code unquestionably imposes a duty on the Trustee to perform his duties in a manner promoting the best interests of the estate and to take actions as are necessary to maximize the value of the estate. *See Matter of Johnson,* 55 B.R. 800 (Bankr.Va.1985), *citing Commodity Futures Trading Comm. v. Weintraub,* 471 U.S. 343, 105 S.Ct. 1986, 85 L.Ed.2d 372, 12 B.C.D. 1247, 1251 (1985).

In the case at hand, this Court is satisfied that Tambay Trustee, Inc., has utterly failed to perform the functions required of it by the Bankruptcy Code. At minimum, it has neglected to "investigate the financial affairs of the debtor" in failing to pursue possible avoidable preferences. This neglect is coupled with the further failure to "furnish such information concerning the estate and the estate's administration as is requested by a party in interest." Clearly, Tambay Trustee made no attempt to respond to Mr. Tatelbaum's correspondence regarding the estate. Furthermore, Tambay Trustee, Inc., has intentionally violated the order of this Court dated April 22, 1987, as it has refused to file an application to employ Mr. Tatelbaum as attorney for the Trustee on general retainer.

Based on the above-recited facts and statutory duties of a trustee, this Court is satisfied that Tambay Trustee, Inc., must be removed from its position as Trustee in this case.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that Tambay Trustee, Inc. be, and the same is hereby, removed from its position as Trustee in the case of Schoen Enterprises d/b/a Oldt Waring. It is further

ORDERED, ADJUDGED AND DECREED that Charles Medearis shall be appointed as trustee for the estate if the creditors do not elect a new trustee for the estate at the meeting of creditors scheduled for August 27, 1987, at 4:00 p.m.